PATTERSON, Chief Judge.
Gary Miller appeals from his judgment and sentence for possession of cocaine. He argues that the trial court erred in denying his motion to suppress evidence obtained as a result of an illegal search and seizure. We agree and reverse.
On September 3, 1998, the State filed an information charging Miller with one count of possession of cocaine, in violation of section 893.13, Florida Statutes (1997). Miller filed a motion to suppress. At the hearing on the motion, Officer Vaughn of the St. Petersburg Police Department testified that on the afternoon of June 30, 1998, he was investigating a report of suspicious vehicles when he saw a white Mitsubishi driving with its brake lights on. The officer was about twenty-five feet behind the car when it turned into an alley. The officer reached the alley and saw dust in the air, as if the car had sped through the alley. On the other side of the alley, the driver of the car was talking to some children. The officer followed the car and stopped to speak with the children, who told him that the man in the white car asked for directions.
The officer stopped the Mitsubishi on the basis that the car had exceeded the speed limit through the alley. He asked the driver, Miller, if he was lost. Miller responded that he was familiar with the area, but was confused. Officer Vaughn asked Miller for his license and registration, which Miller gave to the officer. The officer noticed that the license and registration showed different addresses. Miller said he had been living at the address shown on the license for two or three months. The officer informed Miller that the failure to change the address on his registration within thirty days of moving was a criminal violation. He asked Miller to step out of the car and advised him that he was under arrest. Thereafter, the officer searched the ear and found a leather day planner on the front passenger seat. The officer opened the day planner and found a glass crack pipe which contained a trace amount of cocaine.
On cross-examination, Officer Vaughn conceded that Miller was not speeding before he entered the alley. He admitted that he could not estimate how fast Miller was traveling down the alley, and that he did not have a radar in his patrol car.
*132 Following the hearing, the trial court denied the motion to suppress. Miller withdrew his not guilty plea and entered a plea of nolo contendere, reserving his right to appeal the denial of the motion to suppress, which the court found to be disposi-tive.
We reverse because the officer lacked a reasonable suspicion to conduct a traffic stop of Miller’s car. The officer admitted that Miller was not speeding before he went into the alley. His only basis for making the stop was that he saw a cloud of dust after Miller passed through the alley. This was an insufficient basis to conduct a traffic stop and resulting search of the vehicle. Therefore, all evidence obtained as a result of the illegal detention was fruit of the poisonous tree and should have been suppressed. See Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).
Miller also challenges certain special probation conditions that were imposed upon him. As a result of our decision, the issue is moot.
Reversed.
STRINGER, J., Concurs.
ALTENBERND, J., Concurs specially.